**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1655**

———————

MOSAZGHI SIMON,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

**No. 04-1784**

———————

MOSAZGHI SIMON,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petitions for Review of an Order of the Board of Immigration
Appeals.  (A79-494-518)

———————

Submitted:  March 18, 2005          Decided:  April 7, 2005

———————

Before WILKINS, Chief Judge, and LUTTIG and KING, Circuit Judges.

———————

Petitions denied by unpublished per curiam opinion.

---

David A. Garfield, LAW OFFICE OF DAVID GARFIELD, Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Larry P. Cote, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated cases, Mosazghi Simon, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture,[*] and an order denying his motion to reopen the Board's decision. To obtain reversal of the Board's determination denying eligibility for asylum relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the decision of the Board and the evidence of record and conclude that Simon fails to show the evidence compels a contrary result.

Nor can Simon show he was entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000). "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

---

[*]Simon raises no claim on appeal regarding the Convention Against Torture. Therefore, he has abandoned this claim. See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

- 3 -

Simon also challenges the Board's denial of his motion to reopen. Our review of the denial of a motion to reopen is extremely deferential, and the decision will not be reversed absent abuse of discretion. 8 C.F.R. § 1003.2(a) (2004) (providing grant or denial of motion to reopen is in the discretion of the Board); Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). Such motions are disfavored. INS v. Doherty, 502 U.S. 314, 323 (1992). We have reviewed the administrative record and conclude that the Board did not abuse its discretion in denying the motion to reopen.

We deny the petitions for review in these cases. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED